LANCE, Judge,
dissenting in part:
Although I agree with the majority that the petitioners have not established entitlement to a writ as to the issues identified by them in their July 18, 2012, VA Form 9, as those issues are properly before the Board, I strongly disagree with the majority’s conclusion that the Court is without power to act to ensure that Mr. Solze receives the benefits to which he is rightfully entitled. I therefore must dissent.
I. FACTS
Lieutenant Colonel Robert L. Solze served honorably in the U.S. Marine Corps, retiring after a career that included service in the Republic of Vietnam. See Petition exhibit (ex.) C; Secretary’s Oct. 25, 2012, Response (Resp.) ex. 2 at 2. On July 13, 2001, Mr. Solze, recognizing that he might need help managing his affairs, executed a durable power of attorney under Maine law that granted his agent the power to manage his finances and personal care. Petition ex. A at 2, 4. He appointed his wife, Evelyn J. Solze, herself a World War II veteran of the Marine Corps, as his agent. Petition ex. A; Obituary of Evelyn J. Solze, Bangor Daily News, Aug. 22, 2001, at B7. Mr. Solze named his daughter, Lois M. Dimitre, a former delegate to the American Legion Auxiliary’s Maine Girls State program, as his alternate agent. Petition ex. A; Lois Solze is Delegate to Girls’ State, Bangor Daily News, Jun. 18, 1973, at 14. Mrs. Solze died on August 21, 2001, and Ms. Dimitre succeeded her mother as her father’s agent and attorney-in-fact pursuant to the durable power of attorney. Petition ex. B. Ms. Dimitre has managed her father’s financial affairs since that time. Petition at 5.
On January 18, 2011, the Togus, Maine, VA regional office (RO) determined that Mr. Solze was presumptively entitled to *126 service connection for ischemic heart disease due to exposure to herbicides in Vietnam. Secretary’s Oct. 25, 2012, Resp. ex. 2 at 1-2. The RO awarded Mr. Solze a 100% disability rating, effective retroactively to August 16, 2010. Id. at 2. On April 28, 2011, after consulting with Mr. Solze, the RO determined that he was incompetent for VA purposes due to vascular dementia. Petitioner’s Nov. 6, 2012, Resp. ex. A. at 2. Mr. Solze requested that Ms. Dimitre be named as his VA fiduciary. Id. at 5.
Mr. Solze is 90 years old, wheelchair bound, and in poor physical health, requiring round-the-clock care. Id.; Petitioners’ Aug. 22, 2012, Resp. attachment 1 at 2; Petition ex. D at 4. He resides with his daughter, Robbi Guillerault, who provides his day-to-day care. Petition ex. E at 1. Although “Mr. Solze’s financial welfare has been minimally affected” by the Secretary’s withholding of his VA benefits, Petition at 5, Ms. Guillerault has indicated that she could better care for her father were those funds available, see Petitioner’s Nov. 9, 2012, Motion attachment (“I received notification that the VA is cutting Dad’s caregiver hours from 14 a week to 10.5 a week.... How I wish Dad’s Aid and Attendance funds were available.”).
Mr. Solze has suffered as a result of the Secretary’s refusal to pay him the money that undisputedly belongs to him. Ms. Guillerault recently suffered a serious illness that required hospitalization, and her husband was unable to manage Mr. Solze’s needs on his own. Id. As a result, Ms. Guillerault had no choice but to uproot her father, who is in poor physical health and suffers from dementia, from his customary environment and place him in a nursing home for several weeks. Id. If Mr. Solze’s disability benefits had been available, Ms. Guillerault could have instead hired an in-home caregiver, allowing Mr. Solze to remain in his home.
II. ANALYSIS
This case presents two wholly distinct questions: first, who — to include Ms. Dimitre — should serve as Mr. Solze’s fiduciary and whether VA acted properly in the appointment process; and second, whether the Court can order VA to take interim action pending resolution of the petitioners’ appeal at the Board.
The parties disagree as to who should serve as Mr. Solze’s fiduciary. The petitioners argue that Ms. Dimitre, by virtue of her status as Mr. Solze’s attorney-in-fact pursuant to a valid Maine durable power of attorney, should be appointed as his VA fiduciary without any additional fact finding or qualification.[13] The Secre *127 tary does not argue that Ms. Dimitre should not be Mr. Solze’s fiduciary, and no evidence of misfeasance has been tendered dealing with her management of Mr. Sol-ze’s affairs since 2001. Rather, he argues only that she is required to complete the VA fiduciary certification process before she can be appointed. The petitioners refuse to comply with VA’s certification procedures, and they have perfected an appeal to the Board on the following issues:
(1) whether VA erred by refusing to recognize Ms. Dimitre’s status as Mr. Solze’s attorney-in-fact;
(2) whether VA erred in not seeking to have Ms. Dimitre appointed as Mr. Solze’s guardian by a Maine State Court;
(3) whether VA erred in failing to explain or identify what information is required in a field examination to certify a fiduciary;
(4) whether VA violated Mr. Solze’s constitutional rights by withholding his benefits and failing to provide information as to the amount being held and the funds’ location; and
(5) whether VA erred in appointing Ms. LR to serve as a fiduciary without conducting a field examination but subsequently requiring an examination to appoint Ms. Dimitre as Mr. Solze’s fiduciary.
See Secretary’s Sept. 7, 2012, Resp. attachment (Petitioners’ July 18, 2012, VA Form 9). The petitioners also submitted a brief to the Board setting out in detail the issues that they wish the Board to address. See Secretary’s Oct. 25, 2012, Resp. exhibit 2.
Initially, I note that I am frustrated by the failure of both parties to resolve this dispute without resort to this Court or even an appeal to the Board. For example, either party could have initiated a protective proceeding in Maine Probate Court, see Me.Rev.Stat. Ann. Tit. 18-A, §§ 5-401, 404, and the resulting conservator would be entitled to expedited certification as a VA fiduciary. See 38 U.S.C. § 5507(c); 38 C.F.R. §§ 13.55, 13.59(a) (2012). I am perplexed as to why Ms. Dimitre did not pursue this course of action, as it is extremely likely that she would have been appointed Mr. Solze’s conservator and VA should be obligated to honor that appointment. See Me.Rev.Stat. Ann. Tit. 18-A, § 5-409 (giving preference to, inter alia, an individual nominated by the protected person and an adult child of *128 the protected person); 38 U.S.C. § 5507(c). Similarly, Ms. Dimitre could have simply complied with the Secretary’s requests for information. See 38 U.S.C. § 5507(a) — (b).[14]
I am especially perplexed by the Secretary’s failure to resolve this matter. The Secretary is required to act in the best interests of incompetent veterans. See, e.g., 38 U.S.C. § 5502(a)(1). Moreover, the Secretary has a general duty to assist claimants — including, I would argue, veterans contesting fiduciary appointments. See 38 U.S.C. §§ 5103, 5103A. Given these statutory directives and the general nonadversarial nature of VA proceedings, the Secretary could and should have sought alternate means to ensure that Mr. Solze received his benefits, including instituting a protective proceeding in Maine Probate Court[15] or ordering interim payments to Mr. Solze’s custodian-in-fact under 38 C.F.R. § 13.63, which I will discuss in further detail below.
I am also not certain that the Board is prepared to address these issues. Although several appeals from fiduciary decisions — including this one — are now pending before the Board, see, e.g., Oral Argument, Evans v. Shinseki, No. 2012-7065 (Fed.Cir. Dec. 4, 2012), http://www. cafe.uscourts.gov/oral-argument-recordings, it is not clear that the Board has the authority to do anything but remand Mr. Solze’s case for additional development. See 38 C.F.R. § 13.1 (2012) (vesting all fiduciary authority with the Veterans Service Center Manager (VSCM)). At best, it seems that the Board can review the actions of the VSCM for an abuse of discretion and vacate any decision that it determines to be erroneous. Moreover, I have serious concerns as to the Board’s willingness to address the weighty constitutional questions presented by this case, including the petitioners’ due process arguments and the Tenth Amendment issues raised by the conflict between Maine and Federal law.
Nevertheless, as the petitioners have chosen to appeal these issues to the Board and the Board has not yet shown itself unwilling to address them, the petitioners have not carried their burden of demonstrating that they lack adequate alternative means to obtain their desired relief. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). I therefore agree with the majority that those issues identified on the petitioners’ Form 9 are not properly the subject of a writ and concur with its denial of that portion of the petition. I disagree *129 with the majority, however, on the issue of whether the Court can order interim action pending the Board’s decision. I believe that it can — and I would hold that it must — do so to ensure that Mr. Solze receives his benefits.
Where, as here, VA has withheld payments of an incompetent veteran’s benefits in the absence of a fiduciary, VA may, in the Secretary’s discretion and on a temporary basis, make payments to “the person having custody and control” of the veteran. 38 U.S.C. § 5502(d); 38 C.F.R. § 13.63 (2012). In other words, section 5502(d) and § 13.63 authorize VA to release a veteran’s benefits to his custodian-in-fact until a new fiduciary can be appointed or these disputes are otherwise resolved.
Mr. Solze’s current situation is •precisely the set of circumstances contemplated by section 5502(d) and § 13.63. He currently resides with his daughter, Ms. Guillerault, who cares for him and ensures that his day-to-day needs are met, see Petitioner’s Nov. 9, 2012, Motion for Leave to File Supplemental Information. VA has withheld payment of his benefits until a new fiduciary can be appointed. Under section 5502(d) and § 13.63, VA is clearly authorized to make payments to Ms. Guillerault until a permanent fiduciary can be appointed. Th'e Court, in its October 10, 2012, order, directed the Secretary to respond as to why § 13.63 was not applicable.
The Secretary responded to the Court’s order on October 25, 2012, and proffered three reasons as to why the Court should not order payments under § 13.63. First, he argues that the question of whether § 13.63 is applicable is currently before the Board and, thus, outside the jurisdiction of the Court. Secretary’s Oct. 25, 2012, Resp. at 1-2. Although he is correct that the petitioners included “Why the Secretary refuses to appoint a temporary fiduciary and provide payment under 38 C.F.R. [§ ] 13.63” in a September 24, 2012, letter to the Board, see id. exhibit 1, I would hold that Mr. Solze’s advanced age and VA’s excessive delay in this case weigh in favor of a Court order compelling the Secretary to act pending the Board’s decision.
Second, the Secretary asserts that because “payment to a custodian-in-fact is a discretionary option, if found to be in the best interest of the Veteran,” the Court lacks jurisdiction in the first instance to determine whether Mr. Solze’s best interests are served by such payments. Id. at 11. This response, however, is disingenuous. Given the Secretary’s mandate to act in the best interests of a beneficiary, his failure to make payments under § 13.63 can only be viewed as a decision not to do so, which, I would hold, the Court has the authority to consider to ensure timely delivery of Mr. Solze’s benefits. The alternative — that VA has, in fact, not yet made this determination — constitutes such a prolonged failure to act that it shocks the conscience and weighs in favor of the Court granting relief by ordering the Secretary to decide whether § 13.63 is applicable. See, e.g., Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952) (holding that government conduct that “shocks the conscience” violates an individual’s due process rights).
Finally, the Secretary contends that payments under § 13.63 are not warranted because Ms. Guillerault “is not a party to the current matter” and has not “expressed [a] desire ... to be certified as temporary fiduciary or to serve as temporary fiduciary.” Id. However, given VA’s statutory obligations to act in an incompetent veteran’s best interest, I am mystified as to why VA has not independently sug *130 gested this course of action.[16]
In short, although § 13.63 is discretionary, “Because I don’t want to” is an abuse of that discretion. VA has the immediate authority to make payments to Ms. Guillerault, Mr. Solze’s custodian-in-fact, thereby giving him the benefits that indisputably belong to him. VA has refused to do so, arguing essentially that (a) no one asked it to, and (b) it does not have to. These arguments are spurious and reflect an attitude of arrogance and indifference. In light of VA’s duty to assist and to act in Mr. Solze’s best interest, I would order VA to make payments to Ms. Guillerault under § 13.63 until a permanent fiduciary can be appointed, and therefore I must respectfully dissent.

. The Secretary is authorized to expedite the certification of certain types of proposed fiduciaries, including the spouse or parent of an incompetent beneficiary or a person who has been appointed a fiduciary of the beneficiary by a court of competent jurisdiction, and in cases where the amount to be managed by the fiduciary does not exceed a certain amount. 38 U.S.C. § 5507(c). As I noted in my concurrence to Freeman v. Shinseki, however, the statutes and regulations governing the VA fiduciary system do not currently recognize fiduciaries who serve pursuant to durable powers of attorney. 24 Vet.App. 404, 418-19 (2011) (Lance, J., concurring). A recent article discussing Mr. Solze's case states that, "[o]f all the flaws in the fiduciary program, the worst may be the VA's failure to recognize durable Powers of Attorney.” Benjamin Pomerance, A War that Must Be Won: Why Veterans Should Emerge Victorious in their Battle Against the VA's Flawed Fiduciary System, Law Student Connection (Nov. 12, 2012, 10:47 PM), http://nysbar.com/blogs/lawstudent connection/2012/1 l/a_war_that_mus(_be_ won_why_vet_l .html.
Indeed, there is a growing consensus outside of VA that the fiduciary system is broken. In a recent interview, for example, Senator Charles Schumer observed, " ‘The VA fiduciary system ... lacks sufficient oversight and is *127 full of bad actors, needless delays, fraud and theft.... To put it simply, enough is enough.’ ” Paul Post, Sen. Schumer Calls for Crackdown on Veterans Fraud, Saratogian, Nov. 28, 2012, http://saratogian.com/articles/ 2012/1 l/28/news/doc50b6cccf64de 7908139400.txt. Similarly, Representative Bill Johnson has noted that, although "VA policy is that they prefer family members and friends to serve as fiduciaries!,] [fit is obvious to me that this policy is just lip service and that needs to change.” Reforming VA’s Flawed Fiduciary System: Hearing Before the Subcomm. on Oversight & Investigations of the H. Comm, on Veterans Affairs, 112th Cong. (2012) (statement of Rep. Bill Johnson, Chairman, Subcomm. on Oversight & Investigations).
Congress has proposed legislation that would authorize the Secretary to make payments to individuals designated as attomeys-in-fact under a durable power of attorney. See H.R. 5948 § 2(a)(1), 112th Cong. (2012). House Bill 5948, which was passed by the House of Representatives but died in committee in the Senate, was intended to "enable a veteran to designate a preferred fiduciary ahead of time,” and require the Secretary, if he determines that a different individual should serve as fiduciary, to present "the reason for not appointing that [predesignated] fiduciary ... in writing.” H.R.Rep. No. 112-678, at 14 (2012). These changes if made, however, may come too late for Mr. Solze and his family, given his advanced age and the fact that the legislative process must begin anew in the 113th Congress.

. Contrary to the Secretary's contentions in his October 25, 2012, response, it does not appear that a field examination into Mr. Sol-ze’s status is necessary. See Secretary’s Oct. 25, 2012, Response at 4. Mr. Solze’s incompetency is not disputed, and so the only issue appears to be whether Ms. Dimitre is qualified to serve as his fiduciary. Compare 38 C.F.R. § 3.353(b)(2) (2012) (field examinations to determine incompetency) with 38 U.S.C. § 5507(a)-(b) (requiring an inquiry into the suitability of a proposed fiduciary).

. This is even more troublesome in light of the Secretary’s own internal policy, which states that ”[w]hen the beneficiary’s VA-derived estate is sizable, or all VA benefits payable will not be used monthly and a VA-derived estate is expected to build, court appointment should be considered.” M21-1MR, Part XI, Chapter 2, Section E.28.h. Mr. Solze has been assigned a 100% disability rating for ischemic heart disease, effective August 2010, which entitles him to a monthly payment of approximately $2,800. Secretary’s Oct. 25, 2012, Resp. ex. 2; Veterans Compensation Benefits Rate Tables-Effective 1211111, available at http://www.vba.va.gov/ bln/2 l/rates/comp01.htm. Counting both these monthly payments and a retroactive payment of $10,692, see Petition at 6, VA has now withheld more than $50,000 of Mr. Solze’s benefits.

. I am also concerned by the Secretary's assertion that the section 5507(a) and (b) certification process applies to temporary payments made to a custodian-in-fact under § 13.63. Secretary’s Oct. 25, 2012, Resp. at 12; but see M21-1MR, Part XI, Chapter 2, Section E.28.p (requiring only a character witness to corroborate the custodian-in-fact’s suitability). Requiring a custodian-in-fact to undergo the full VA fiduciary certification process seems to undercut the purpose of section 5502(d) and § 13.63, since those provisions are designed to provide an emergency alternative in the absence of an actual VA fiduciary. This is especially true given the fact that Ms. Guillerault has been taking care of her father for some time and has provided for his care without the “help” of VA.